JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

RELEASED FOR PUBLICATION

FEB 27 1984

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 581

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE BALDWIN-UNITED CORPORATION LITIGATION

BEFORE ANDREW A. CAFFREY, CHAIRMAN, ROBERT H. SCHNACKE, FRED DAUGHERTY, SAM C. POINTER, JR.,* S. HUGH DILLIN, MILTON POLLACK,* AND LOUIS H. POLLAK, JUDGES OF THE PANEL

TRANSFER ORDER

PER CURIAM

This litigation presently consists of 41 actions pending in nine federal districts as follows:

| | |
|---|---|
| Southern District of New York | 23 actions |
| Northern District of Illinois | 8 actions |
| Western District of Pennsylvania | 3 actions |
| Eastern District of Tennessee | 2 actions |
| Southern District of Florida | 1 action |
| District of Maine | 1 action |
| District of Minnesota | 1 action |
| District of New Hampshire | 1 action |
| Eastern District of Pennsylvania | 1 action |

Now before the Panel is a motion by parties that are defendants in 38 of the 41 actions to centralize all actions in the Southern District of New York for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407.1/ The plaintiffs in the two Tennessee actions oppose

---

* Judge Milton Pollack recused himself and took no part in the decision of this matter. Additionally, Judge Sam C. Pointer, Jr., took no part in the decision of this matter.

1/ The motion for Section 1407 transfer in this docket included five actions pending in the Northern District of Alabama and the Central District of California that have subsequently been dismissed. Accordingly, consideration of transfer with respect to those actions is moot. Various parties have also notified the Panel of the pendency of related actions that were not included on the schedule of actions accompanying the Section 1407 motion in this docket and were brought to the Panel's attention too late to be included in the hearing held on January 26, 1984. In accordance with Rules 9 and 10, R.P.J.P.M.L., 89 F.R.D. 273, 278-80 (1981), these actions will be treated as potential tag-along actions.

transfer of their actions. All other responding parties to the actions now before the Panel, including the defendant in one other action, plaintiffs in 34 actions, and the Arkansas and Indiana commissioners of insurance (who are the court-appointed rehabilitators of six insurance companies involved in this litigation), either support or do not oppose centralization in the Southern District of New York. Lastly, plaintiffs in a potential tag-along action in the Southern District of Ohio have filed an interested party brief in which they do not oppose centralization but urge selection of the Southern District of Ohio as transferee forum.

On the basis of the papers filed and the hearing held, the Panel finds that these actions involve common questions of fact and that centralization under Section 1407 in the Southern District of New York will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All the actions before the Panel are brought by one or more persons who purchased through broker dealers identical or substantially similar annuities issued by insurance companies controlled by Baldwin-United Corporation. The plaintiffs in the actions, many of which are brought as class actions, allege fraud and/or violation of federal and state securities laws in connection with the sale of the annuities. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The Tennessee plaintiffs, in opposing transfer, argue that their actions do not involve sufficiently common questions of fact with the other actions in this docket. There is no merit in this contention. The Tennessee actions share allegations with other actions in this docket that the type of annuities purchased by plaintiffs were actually securities that had not been registered as required by federal and state securities law, and that the defendant broker dealer (which is also named in twelve other actions) breached fiduciary duties, distributed false and misleading sales material, and had knowledge but failed to disclose material adverse information concerning Baldwin-United and its insurance subsidiaries. The Tennessee plaintiffs' main concern appears to be that they would be burdened by costs and delays associated with Section 1407 transfer. This fear is unwarranted. Transfer under Section 1407 will have the salutary effect of placing the Baldwin-United actions before a single judge who will be in the best position to determine the manner and extent of coordination or consolidation of the pretrial proceedings for the optimum conduct of all actions in the litigation. See In re A.H. Robins, Inc. "Dalkon Shield" IUD Products Liability Litigation, 406 F.Supp. 540, 542 (J.P.M.L. 1975). Since a Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise.

-3-

See, e.g., Fed.R.Civ.P. 45(d)(2). Furthermore, the judicious use of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel ever to travel to the transferee district. See Manual for Complex Litigation, Part I, §§ 1.90-1.93 (rev. ed. 1981). And it is most logical to assume that prudent counsel will combine their forces and apportion the workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall savings of cost and a minimum of inconvenience to all concerned. See In re Nissan Motor Corporation Antitrust Litigation, 385 F.Supp. 1253, 1255 (J.P.M.L. 1974).

We conclude that the Southern District of New York is the most appropriate transferee forum for this litigation. We note that: 1) the first-filed and most advanced actions are pending there; 2) many of the parties, potential witnesses and relevant documents are located in the Southern District of New York (where defendant broker dealer firms have their principal offices and headquarters); 3) plaintiffs in 23 of the 41 actions (including plaintiffs in ten actions who reside outside New York) have brought their actions in the Southern District of New York; 4) counsel in the New York actions have established an informal coordinating group; and 5) defendant broker dealer firms, the Arkansas and Indiana insurance commissioners, and many plaintiffs have retained New York counsel.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending outside the Southern District of New York be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Charles L. Brieant for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.[2]

---

[2] At the request of the Honorable Joseph L. McGlynn, Jr., and the Honorable Marilyn H. Patel, our decisions regarding transfer under Section 1407 of Golub v. Merrill Lynch, E.D. Pa., C.A. No. 83-4123, and Shay v. Merrill Lynch, N.D. Cal., C.A. No. 83-5894-MHP, respectively, are deferred until further notice.

SCHEDULE A

## MDL-581 -- In re Baldwin United Corporation Litigation

### Southern District of Florida

Irving Cohen v. E. F. Hutton & Co.,
C.A. No. 83-3091

### Northern District of Illinois

Lewis Levin, et al. v. Prudential-Bache Securities Inc.,
C.A. No. 83C8566
Steven Domeny, et al. v. E. F. Hutton & Co., Inc.,
C.A. No. 83C7033
Leonard Brenner v. E. F. Hutton & Co., Inc.,
C.A. No. 83C7421
Lillie Lavin v. Merrill Lynch Life Agency, Inc., et al.,
C.A. No. 83C7533
David Morris, et al. v. Thomson McKinnon Securities, Inc.,
C.A. No. 83C7257
Sam Gesualdo, et al. v. E. F. Hutton & Co., Inc.,
C.A. No. 83C8562
Steven H. Grossman, et al. v. E. F. Hutton & Co., Inc.,
C.A. No. 83C8569
Robert M. Goodwin, M.D., et al. v. A. G. Edwards & Sons, Inc.,
C.A. No. 83C7258

### District of Maine

David H. Wellman, et al. v. E. F. Hutton & Co., Inc.,
C.A. No. 83-0388

### District of Minnesota

Kenneth Tomnitz v. Merrill Lynch & Co., Inc., et al.,
C.A. No. 4-83-1027

### District of New Hampshire

Dennis P. Attalla v. E. F. Hutton & Co., Inc.,
C.A. No. 83-776

### Western District of Pennsylvania

Sylvia Michaels v. Prudential-Bache Securities, Inc.,
C.A. No. 83-2445
Jerome W. Eichelsbacher v. Shearson/American Express, Inc.,
C.A. No. 83-2600
Joseph and Elizabeth Chupko, et al. v. Paine Webber Jackson & Curtis, Inc., C.A. No. 83-2446

Eastern District of Tennessee

Lyle A. Graves, et al. v. Merrill Lynch & Co., Inc., et al.,
C.A. No. 83-570
Lloyd R. Greenwood, et al. v. Merrill Lynch & Co., Inc., et al.,
C.A. No. 83-593

Southern District of New York

Robert R. Moore v. E. F. Hutton Group Inc., et al.,
C.A. No. 83 Civ. 7197
Richard Meyers, et al. v. E. F. Hutton Co., Inc.,
C.A. No. 83 Civ. 8085
Charles B. Scarborough, et al. v. E. F. Hutton & Co., Inc.,
C.A. No. 83 Civ. 7628
Harry Factor v. Merrill Lynch & Co., Inc., et al.,
C.A. No. 83 Civ. 7009
John F. Terrill v. Merrill Lynch & Co., Inc., et al.,
C.A. No. 83 Civ. 7063
Douglas M. Mann v. Merrill Lynch & Co., Inc., et al.,
C.A. No. 83 Civ. 7233
Willa June Morgan v. Merrill Lynch & Co., Inc., et al.,
C.A. No. 83 Civ. 7092
Martin A. Burton v. Merrill Lynch & Co., Inc., et al.,
C.A. No. 83 Civ. 7081
Frederick J. Oberst v. Merrill Lynch & Co., Inc., et al.,
C.A. No. 83 Civ. 7360
Jean and Louis Blumberg v. Prudential Bache Securities, Inc.,
C.A. No. 83 Civ. 7358
Jean Maier v. Prudential-Bache Investment, Inc.,
C.A. No. 83 Civ. 7642
Bernice V. Abrams v. Thomson McKinnon Securities Inc.,
C.A. No. 83 Civ. 7359
Nils Ostin, et al. v. Oppenheimer & Co., Inc., et al.,
C.A. No. 83 Civ. 7568
Revella Price v. Merrill Lynch & Co., Inc., et al.,
C.A. No. 83 Civ. 8565
Florence Silver v. Merrill Lynch & Co., et al.,
C.A. No. 83 Civ. 8866
Harry Olson v. Thomson McKinnon Securities, Inc.,
C.A. No. 83 Civ. 8867
Sonia Sokoloff v. Janney Montgomery Scott Inc., et al.,
C.A. No. 83 Civ. 8084
Richard J. and Patricia A. Boyle v. Prudential-Bache Securities, Inc., C.A. No. 83 Civ 8688
Hambleton Shepperd v. Smith Barney Harris Upham, Inc., et al.,
C.A. No. 83 Civ. 8474
Vincent Erti v. Paine, Webber, Jackson & Curtis, Inc.,
C.A. No. 83 Civ. 9085
Thomas G. Phillips, III v. Kidder, Peabody & Co., Inc., et al.,
C.A. No. 83 Civ. 8475
Alfred Linton v. Shearson/American Express, Inc.,
C.A. No. 83 Civ. 8476
Philip Rhodes, Jr., et al. v. E. F. Hutton Group, Inc., et al.,
C.A. No. 83 Civ. 9001